UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(NORTHERN DIVISION)



| | |
|---|---|
| WORLDATA, INC., | ) **97-8334** |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. _____-CIV- (Judge _____) |
| | ) |
| CHARLES STEPHEN HARDIGREE, | ) |
| individually and trading | ) MAGISTRATE JUDGE |
| and doing business as | ) LYNCH |
| WORLDATANET, INC., and INTERNET | ) |
| MEDIA GROUP, INC., | ) |
| | ) |
| Defendants. | ) **COMPLAINT** |

Worldata, Inc. ("Worldata"), files the following Complaint against defendants,

Charles Stephen Hardigree ("Hardigree"), individually and trading and doing business as

WorldataNet, Inc. ("WorldataNet"), and Internet Media Group, Inc. ("Internet Media") and, in

support thereof, states as follows:

<u>Parties</u>

      1.   Plaintiff Worldata is a corporation organized and existing under the laws

of the State of Florida with its principal place of business located at 3000 N. Military Trail,

Boca Raton, Florida.

41662.1

2. Defendant Hardigree is an individual who resides in the State of Florida at 10740 Cypress Lake Terrace, Boca Raton, Florida and maintains a place of business at 7300 West Camino Real, Suite 203, Boca Raton, Florida. On information and belief, Hardigree trades and does business as WorldataNet. Hardigree also is the founder and president of defendant Internet Media. Hardigree has had and continues to have extensive participation in the unlawful acts complained of herein having caused such acts to occur. Hardigree is personally liable for the unlawful activities described herein. In addition, Hardigree knowingly participated and continues to participate in the unlawful acts complained of herein and, therefore, is liable as a contributing party and/or as a joint tortfeasor.

3. WorldataNet is a commercial business operated by Hardigree which maintains an address of 7300 West Camino Real, Suite 203, Boca Raton, Florida. WorldataNet is the registered owner of the Internet domain name "Worldata.NET."

4. Defendant Internet Media is a corporation organized and existing under the laws of the State of Florida with a registered address and principal place of business located at 10740 Cypress Lake Terrace, Boca Raton, Florida.

5. Upon information and belief, Hardigree controls the affairs of WorldataNet and Internet Media.

Jurisdiction and Venue

6. This is an action for injunctive relief and damages for infringement of plaintiff's registered service mark in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114, for defendants' false designation of origin and unfair competition in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and the laws of the State of Florida relating to

service mark and trademark infringement, unfair competition, deceptive trade practices and breach of contract.

7.    This Court has jurisdiction over the subject matter of this action pursuant to section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338. This Court also has subject matter jurisdiction under the doctrine of pendent jurisdiction. The activities of defendants as described herein are sufficient to subject defendants to the personal jurisdiction of this Court.

8.    Venue is proper in this District pursuant to 28 U.S.C. § 1391.

### Facts Common to All Counts

9.    Plaintiff Worldata is an internationally recognized information marketing services organization providing direct mail and interactive marketing services to the business, consumer, high-technology, microcomputer, financial and publishing markets. Worldata is the industry leader in list brokerage, list management, database marketing and the rapidly developing interactive marketing business through use of the Internet. Worldata is the exclusive representative of over 400 leading software and hardware companies and is the recognized premiere list company for the high technology and microcomputer markets. Worldata has been servicing the needs of direct marketers for over 20 years and employs over 100 sales, marketing and technical professionals. The company has developed, refined and maintains many advanced information marketing tools for their clients including a proprietary multimillion name database of direct response product buyers, response analysis systems, an interactive fax-response system and electronic marketing services.

10.   Plaintiff Worldata is and has been the owner of the service mark "WORLDATA" having continuously and exclusively used this service mark with respect to the providing of its information marketing services.  Plaintiff Worldata commenced use of its "Worldata" mark in February 1983 and has exclusively and continuously used its mark since that date.

11.   The service mark "WORLDATA" was registered by plaintiff Worldata for direct mail advertising, mailing list preparation, computerized database management and mailing list brokerage, computer database management on the Principal Register of the United States Patent and Trademark Office on January 23, 1996.  True and correct copies of the registrations for "WORLDATA" are attached hereto as Exhibit "A" and are incorporated herein.

12.   As a result of plaintiff's continuous and exclusive use of its "WORLDATA" mark, the mark has become distinctive in the minds of actual and potential customers as an indication of origin, source, sponsorship, quality and goodwill with respect to plaintiff's unique services and products, all as the direct result of plaintiff's time, money, creativity and promotional efforts.  Worldata, since the adoption of its "WORLDATA" mark has expended over $10 million in paid media and various forms of promotion and marketing that feature its mark.  Millions of additional dollars of publicity within local and national markets have communicated the "WORLDATA" name throughout the United States.   Through widespread and favorable public acceptance and recognition, plaintiff's "WORLDATA" service mark and trade name have become assets of incalculable value and goodwill as symbols identifying plaintiff and its unique services and products. Plaintiff's "WORLDATA" service mark and trade name have acquired in the United States, including the State of Florida, a

41662.1                                          -4-

substantial and favorable reputation and goodwill and a secondary meaning as indicating plaintiff as a source of origin of unique services and products for information marketing services.

13. An increasingly important channel of trade and commerce of plaintiff is through the use of the Internet. The Internet is a national and international computer communications network using telephone lines and cables to link computers together and allow vast amounts of information to pass between individuals, businesses and other computer networks. Each computer or group of computers connected to the Internet is assigned its own unique identifier known as a domain name. Information travels across the Internet by sending and receiving computers, exchanging unique addresses which refer to the domain name that is responsible for them.

14. Plaintiff has reserved the domain name "Worldata.com" as its domain name on the Internet. The amount of business which plaintiff and others have conducted on the Internet has increased rapidly and is now an ever increasingly important component of plaintiff's business.

15. Hardigree is a former employee of plaintiff Worldata. Hardigree commenced employment with Worldata on or about May 9, 1994 and terminated his employment on September 28, 1995.

16. At the time he commenced employment with plaintiff Worldata, Hardigree signed a Non-Competition and Confidentiality Agreement. A true and correct copy of that Agreement is attached hereto as Exhibit "B".

17. Pursuant to that Agreement, Hardigree agreed, *inter alia*, that for a period of two years after the termination of his employment with Worldata, irrespective of whether such

termination was with or without cause, he would not, within the Florida counties of Dade, Broward or Palm Beach, individually or on behalf of any company that has a location within those Florida counties engage in or conduct in any manner a business involved in or relating to the list management, list brokerage or other business carried on by Worldata during the term of his employment.  Hardigree agreed that the provisions of the Agreement were intended to and constituted an agreement between an employer and employee within the scope of Florida Statute section 542.33(2)(a) further agreed that he would be estopped from asserting for any reason that he was not an employee for purposes of the statute.

18.   Defendant Hardigree is acting in breach of his employment agreement by competing with Worldata directly and through Internet Media within the two year noncompetition period required by the agreement.  According to its own advertising literature, Internet Media is a Boca Raton, Florida headquartered business engaged in the direct marketing industry.   Internet Media promotes itself as a leader in the information marketing services business providing interactive marketing services to the business, consumer, high technology and microcomputer markets.   The company has list management, list brokerage and database marketing divisions which provide direct electronic mail lists and electronic database marketing services.   Defendant Hardigree is identified as the founder and president of Internet Media. Internet Media is a direct competitor of plaintiff Worldata.

19.   Commencing in early April 1997, defendants began to infringe plaintiff's rights in it "WORLDATA" mark by using the mark in connection with defendants' competing business and using it on Internet.  On or about April 10, 1997, defendants wrongfully registered plaintiff's "WORLDATA" as their domain name on the Internet.  By typing in the infringing

and confusingly similar domain name "Worldata.Net" the computer user will immediately be sent to defendants' home page on the Internet.

20. Defendants' use of plaintiff's "WORLDATA" mark on the Internet is an obvious attempt to usurp for their own use and benefit plaintiff's service mark and trade name.

21. Defendants have used and presently are using plaintiff's "WORLDATA" mark without the consent or authorization of plaintiff in a manner that is likely to cause confusion, mistake or deception as to the affiliation, connection or association of defendants with the plaintiff or as to plaintiff's sponsorship or approval of defendants' services or commercial activities.

22. Defendants' unauthorized use of plaintiff's "WORLDATA" mark falsely indicates to the purchasing public that defendants' services and products originate with plaintiff or are affiliated, connected or associated with plaintiff, or are somehow sponsored, endorsed or approved by plaintiff, or are in some manner related to plaintiff or the services and products which it offers. Defendants' unauthorized use of plaintiff's service mark and trade name "WORLDATA" enable them to trade on and receive the benefit and good will built up at the great expense and labor of plaintiff and to gain acceptance for defendants' own services and products not on their own merits, but rather on the reputation and goodwill of plaintiff and plaintiff's service mark and trade name.

23. Consumers and potential consumers have been and presently are being confused or may be confused as a result of defendants' use of plaintiff's "WORLDATA" mark. Defendants' conduct creates actual confusion and the likelihood of confusion, deception or mistake as to the source of the services and products being sold and offered for sale by plaintiff

and is an infringement of plaintiff's service mark rights. Defendants' unauthorized use of plaintiff's service mark and trade name has caused and will continue to cause plaintiff irreparable injury and damages in the form of lost goodwill, damage to business reputation and the loss of existing and potential customers.

     24.   Defendants' use of plaintiff's service mark and trade name "WORLDATA" is being done with full prior knowledge of plaintiff's rights and is a willful and knowing violation of the law.

COUNT I

Violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114

     25.   Plaintiff incorporates herein by reference the allegations of Paragraphs 1 through 24 of this Complaint as if set forth in their entirety.

     26.   Notwithstanding plaintiff's exclusive right to use the registered service mark "WORLDATA," defendants have utilized and continue to utilize the mark in interstate commerce in connection with their competing businesses. The "WORLDATA" service mark was used and continues to be used by defendants without plaintiff's permission or consent.

     27.   Defendants' unauthorized use of plaintiff's registered "WORLDATA" service mark has caused and is likely to continue to cause confusion among members of the public who have been and will continue to be led to believe that defendants' business was affiliated, connected or associated with plaintiff, were somehow sponsored, endorsed or approved by plaintiff, or in some manner related to plaintiff or the services or products which it offers.

28.   Defendants are fully aware that the registered "WORLDATA" service mark is owned by plaintiff and that plaintiff has the right to exclusively use the "Worldata" service mark.  Nevertheless, defendants have used and continue to use the mark unlawfully, willfully, recklessly and in complete disregard of plaintiff's rights and with the intent to cause deception, mistake and confusion.

29.   Defendants' unauthorized use of plaintiff's registered service mark constitutes service mark infringement within the meaning of 15 U.S.C. § 1114(1) and has caused plaintiff irreparable injury and damages in the form of lost goodwill, lost business reputation and loss of existing and potential customers.

30.   As a direct and proximate result of defendants' conduct, defendants have and will continue to damage plaintiff and cause plaintiff irreparable harm and injury unless enjoined by this Court.  Plaintiff has no adequate remedy at law and irreparable injury to plaintiff increases with each and every action taken by defendants.

## COUNT II

### Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125

31.   Plaintiff incorporates herein by reference the allegations of Paragraphs 1 through 30 of this Complaint as if set forth in their entirety.

32.   Defendants, through the conduct herein alleged, have affixed, applied, annexed or used in connection with their business a false designation of origin or false description or representation including words or symbols intending falsely to describe or represent the same and has caused such services and goods to enter into commerce in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41662.1                                        -9-

33.   As a direct and proximate result of defendants' conduct, defendants have and will continue to damage plaintiff and cause plaintiff irreparable harm and injury unless enjoined by this Court.   Plaintiff has no adequate remedy at law and irreparable injury to plaintiff increases with each and every action taken by defendants.

## COUNT III

### Violation of Florida Statutory Trademark Dilution and Injury to Business Reputation Statute

34.   Plaintiff incorporates herein the allegations of Paragraphs 1 through 33 of this Complaint as if set forth in their entirety.

35.   Defendants, through the conduct herein alleged, have adopted and used a mark, trade name and form of advertising which is the same or is very similar to the mark, trade name and forms of advertisement used by plaintiff.

36.   Defendants, through the conduct herein alleged, have created a likelihood of injury to the business reputation of plaintiff and a likelihood of dilution of the distinctive quality of plaintiff's mark, trade name and forms of advertisement in violation of Florida Statute § 495.151.

37.   Plaintiff is the prior user of the "WORLDATA" mark, trade name and form of advertisement.

38.   As a direct and proximate result of defendants' conduct, defendants have and will continue to damage plaintiff and cause plaintiff irreparable harm and injury unless enjoined by this Court.   Plaintiff has no adequate remedy at law and irreparable injury to plaintiff increases with each and every action taken by defendants.

## COUNT IV

### Infringement of Common Law Service Mark and Trademark Rights

39.    Plaintiff incorporates herein the allegations of Paragraphs 1 through 38 of this Complaint as if set forth in their entirety.

40.    Defendants' use in commerce of a reproduction, counterfeit, copy or colorable imitation of plaintiff's "WORLDATA" service mark and trade name in connection with the sale, offering for sale or advertising of information marketing goods and services is likely to confuse, deceive or cause confusion or mistake and constitutes an infringement of plaintiff's common law service mark and trade name rights.

41.    The conduct of defendants was and continues to be intentional, willful, malicious, outrageous and in bad faith.

42.    As a direct and proximate result of defendants' conduct, defendants have and will continue to damage plaintiff and cause plaintiff irreparable harm unless enjoined by this Court.  Plaintiff has no adequate remedy at law and irreparable injury to plaintiff increases with each and every such action taken by defendants.

## COUNT V

### Common Law Unfair Competition

43.    Plaintiff incorporates herein the allegations of Paragraphs 1 through 42 of this Complaint as if forth in their entirety.

44.    Defendants, by reason of the foregoing conduct, have attempted to compete unfairly and have competed unfairly against plaintiff with the specific intent to cripple and destroy plaintiff's ability to conduct business.

41662.1                                                -11-

45. The conduct of defendants was and continues to be intentional, willful, malicious, outrageous and in bad faith.

46. As a direct and proximate result of the foregoing conduct of defendants, defendants have and will continue to damage plaintiff and cause plaintiff irreparable injury unless enjoined by this Court. Plaintiff has no adequate remedy at law and irreparable injury to plaintiff increases with each and every such action taken by defendants.

## COUNT VI

### Breach of Noncompetition and Confidentiality Agreement

47. Plaintiff incorporates herein the allegations of Paragraphs 1 through 46 of this Complaint as if set forth in their entirety.

48. In violation of the Noncompetition and Confidentiality Agreement entered into with plaintiff Worldata on or May 9, 1994, defendant Hardigree is involved in a business competitive to that of plaintiff Worldata directly and through defendant Internet Media. Defendants Hardigree and Internet Media are doing business in the Florida counties of Dade, Broward and Palm Beach and are directly engaged in the business of list management, list brokerage and other forms of business conducted by Worldata during the time that Hardigree was employed by Worldata.

49. Hardigree's direct and active participation in the business affairs of defendant Internet Media include acting as its founder and president. On information and belief, Hardigree is actively involved in the day to day affairs of Internet Media.

50. The participation and involvement of Hardigree in the business operations and activities of Internet Media and the direct activities of Hardigree complained of herein

41662.1                                          -12-

constitute a direct violation and breach of the Noncompetition and Confidentiality Agreement entered into on or about May 9, 1994.

51.   The activities of defendants Hardigree and Internet Media in competition with plaintiff Worldata have resulted in and, if unrestrained, will continue to result in immediate and irreparable damage to plaintiff including, but not limited to, loss of clients and customers, loss of profits, loss of good will and competitive disadvantages.

52.   As a direct and proximate result of defendants' conduct complained of herein, defendants have and will continue to damage plaintiff and cause plaintiff irreparable harm unless enjoined by this Court.  Plaintiff has no adequate remedy at law and irreparable injury to plaintiff increases with each and every such action taken by defendants.

## COUNT VII

### Unjust Enrichment

53.   Plaintiff incorporates herein the allegations of Paragraphs 1 through 52 of this Complaint as if set forth in their entirety.

54.   Defendants, by reason of the foregoing conduct, have been and continue to be unjustly enriched to the continuing detriment of plaintiff.

55.   The conduct of defendants was and continues to be intentional, willful, malicious, outrageous and in bad faith.

## COUNT VIII

### Violation of Florida Deceptive and Unfair Practices Act

56.   Plaintiff incorporates herein by reference the allegations of Paragraphs 1 through 55 of this Complaint as if set forth in their entirety.

41662.1                               -13-

57.   Defendants, through the conduct herein alleged, are engaging in unfair methods of competition, unconscionable acts and practices in the conduct of their trade in violation of Florida Statute § 501.204.

58.   As a direct and proximate result of defendants' conduct, defendants have and will continue to damage plaintiff and cause plaintiff irreparable harm and injury unless enjoined by this Court.   Plaintiff has no adequate remedy at law and irreparable injury to plaintiff increases with each and every action taken by defendants.

WHEREFORE, plaintiff prays for relief against defendants as follows:

(1)   That a preliminary and permanent injunction issue enjoining defendants and their agents, servants, employees, attorneys, successors and assigns and all those acting under their authority or in privity with them or in active concert or participation with them, from any and all of the following:

(a)   using in connection with the sale, offering for sale, distribution or advertisement of any services and/or products plaintiff's "WORLDATA" service mark and trade name, or any reproduction, counterfeit, copy or colorable imitation thereof;

(b)   using in connection with the sale, offering for sale, distribution or advertisement of services and/or products a name and/or a mark which contains or includes "WORLDATA", or a reproduction, counterfeit, copy, colorable imitation or variation thereof;

(c)   infringing upon plaintiff's service mark and trade name "WORLDATA" in any manner complained of herein or any other manner;

(d)     unfairly competing with plaintiff in the manner complained of herein or in any other manner, or from doing such acts as may cause services and/or products sold, offered for sale, distributed or advertised by defendants to be mistaken for or confused with the services and/or products, sold, offered for sale, distributed or advertised by plaintiff;

(e)     using "WORLDATA" or "WorldataNet" in the name of their business in any manner whatsoever and to take all necessary steps to effectuate the change of the name WorldataNet;

(f)     using "WORLDATA" or "WorldataNet" in the name of their business or otherwise in connection with the Internet or in any listing in any telephone directory, trade directory or other publication;

(g)     making any statement or representation whatsoever or using any false designation of origin or false description or performing any act which can or is likely to lead the trade or public, or individual members thereof, to believe that any service and/or product sold, manufactured, or distributed by defendants is in any manner associated or connected with plaintiff or is licensed, sponsored, approved or authorized by plaintiff;

(h)     enjoining defendant Hardigree either directly or through defendant Internet Media from engaging or participating in any activity, whether individually or otherwise, or having any interest in or consulting with Internet Media and/or any of its directors, officers, agents, employees, consultants or other representatives thereof or any other business, firm,

41662.1

-15-

person, partnership or corporation, whether as an employee, officer, director, agent, security holder, consultant or otherwise, which involves the business of information marketing services or any other business which competes directly or indirectly with plaintiff Worldata in the Florida counties of Dade, Broward and Palm Beach.

(2) That defendants be ordered to immediately discontinue, cancel and terminate the "WorldataNet" domain name and home page which defendants presently are maintaining on the Internet at "Worldata.Net";

(3) That defendants be ordered to deliver up for destruction all letterhead, invoices, brochures, pamphlets, labels, signs, prints, advertisements and all other similar documents and things in their possession, custody or control, or in the possession, custody or control of their agents, servants, employees, successors, and assigns and all those acting under their authority or in privity with them, bearing the "WORLDATA" or "WorldataNet" service mark or trade name of plaintiff or reproductions, variations, counterfeits, copies or colorable imitations thereof, including those bearing the "WORLDATA" or "WorldataNet" name and/or mark used by defendants or reproductions, variations, counterfeits, copies or colorable imitations thereof;

(4) That the Court require that defendants serve a copy of the Injunction on any entity that publishes or reproduces defendants' infringing use of plaintiff's service mark and trade name and that such entities be directed to take any action necessary to prevent defendants from violating the terms of the

41662.1                                    -16-

Injunction by having published any listing or information using "WORLDATA" or "WorldataNet" in the name of defendants' business;

(5)   That defendants be directed to file with the Court and serve upon plaintiff within 30 days after service of the Injunction demanded above, a report in writing under oath setting forth in detail the manner and form in which defendants have complied with the Injunction;

(6)   Awarding plaintiff such damages as it may have suffered or will suffer by reason of defendants' violations of sections 32 and 43(a) of the Lanham Act, the Florida Statutory Trademark and Injury to Business Reputation Statute, the Florida Deceptive and Unfair Practices Act, defendants' infringement of plaintiff's common law rights in its service mark and trade name and defendant Hardigree's breach of contract;

(7)   That defendants be ordered to account to plaintiff for all profits and other monies realized by defendants as a result of their acts of unfair competition, by reason of defendants' unjust enrichment and by reason of defendant Hardigree's breach of contract;

(8)   That plaintiff be awarded such punitive damages as shall be sufficient to deter any willful misconduct on the part of defendants in the future;

(9)   That plaintiff be awarded its costs in this action including reasonable attorneys fees and expenses;

(10)   Awarding plaintiff such other and further relief as the Court deems just and proper; and

41662.1                                    -17-

(11)    That an accounting be directed to determine defendants' profit from their infringement of plaintiff's mark, unfair competition, unjust enrichment, breach of contract, and other violations of law and that such profits be paid over to plaintiff, increased as the Court finds to be just under the circumstances of this case.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rules 38 and 57 of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all issues triable as of right by a jury.

Henry Latimer
Florida Bar No. 163217
Robyn S. Hankins
Florida Bar No. 0008699
ECKERT SEAMANS CHERIN & MELLOTT
450 East Las Olas Blvd.
Suite 800
Ft. Lauderdale, FL  33301
(954) 523-0400
Facsimile No. (954) 523-7002

Timothy P. Ryan
ECKERT SEAMANS CHERIN & MELLOTT
600 Grant Street, 42nd Floor
Pittsburgh, PA 15219
(412) 566-5990
Facsimile No. (412) 566-6099

# ADDITIONAL

# ATTACHMENTS

# <u>NOT</u>

# SCANNED

PLEASE REFER TO COURT FILE

# CIVIL COVER SHEET

## 97 - 8334

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

WORLDATA, INC.

**DEFENDANTS**

CHARLES STEPHEN HARDIGREE,
WORLDATANET, INC., and
INTERNET MEDIA GROUP, INC.

MAGISTRATE JUDGE
LYNCH

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A-WPB-8334-DTKH/LYNCH

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Henry Latimer, Esq.; Robyn S. Hankins, Esq.
Eckert Seamans Cherin & Mellott
450 E. Las Olas Blvd., #800, Fort Lauderdale, FL 33301

**ATTORNEYS (IF KNOWN)**

APR 30

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:   954/523-0400
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 5 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.) Section 32 of the Lanham Act, 15 U.S.C. Sec. 1114 and
Section 43(9) of the Lanham Act, 15 U.S.C. Sec. 1125(a).

**IVa.** 3-5 **days estimated (for both sides) to try entire case**

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTACT | A TORTS | B FORFEITURE / PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 362 Personal Injury-Med Malpractice | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury-Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending B | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor Management Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
|  |  |  | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General * | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other * |  |  | ☐ 890 Other Statutory Actions * |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights * |  |  | * A or B |
| ☐ 290 All Other Real Property |  | * A or B |  |  |  |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

- ☒ 1. Original Proceeding
- ☐ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**
Preliminary

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):

Injunction and Unliquidated Damages

| JUDGE | DOCKET NUMBER |
|---|---|

DATE

SIGNATURE OF ATTORNEY OF RECORD
*Robyn S. Hankins*   ROBYN S. HANKINS

FOR OFFICE USE ONLY: Receipt No. 511436.
Date Paid: 4/30/97

Amount: 150.00

M/fp: